IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Dora McElroy, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 50270 |
| | ) | |
| vs. | ) | |
| | ) | |
| Advocate Healthcare System Cordell, | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant's motion [26] to dismiss plaintiff's complaint is granted in part and denied in part. The claim for retaliation based on the rescinded June 23, 2017 corrective action is dismissed but otherwise the claims for retaliation survive. The ADA claims and the claims for harassment under Title VII and Section 1981 are dismissed without prejudice. The motion to dismiss is otherwise denied. All other claims remain. Plaintiff is given leave to file an amended complaint on or before November 21, 2018. If she wishes to allege claims under the ADA she must identify her disability. If she wishes to allege an harassment claim under Section 1981, she must allege in what way she was harassed. If she wishes to allege an harassment claim under Title VII, she must allege in what way she was harassed and how those facts are so intertwined with the discrimination claims in her EEOC charge that she was relieved from having to explicitly identify harassment in her EEOC charge.

## STATEMENT-OPINION

Plaintiff, Dora McElroy, pro se, brings this action against defendant, Advocate Healthcare alleging employment discrimination. Plaintiff filed her complaint [1] on a form provided by the Northern District of Illinois for pro se plaintiffs alleging employment discrimination claims. Her complaint alleges (via checking boxes provided on the form complaint) that she was discriminated against 1) based on her color and race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S. C. § 1981 and 2) based on disability in violation of the Americans with Disabilities Act. She claims (again via checking boxes provided on the form complaint) that defendant failed to hire her, failed to promote her, failed to stop harassment, and retaliated against her because she did something to assert rights protected by the above identified laws. She alleges as facts supporting her claims (on the lines provided on the form complaint for a recitation of such facts): "Retaliation for engaging in protected activity Discrimination against because of my race, unable to advance in career due to discriminatory practice. Denied promotion. Positions never posted and whites were hired to fill positions." She also alleges in another spot in the complaint: "Retaliation 6/23/17– Corrective Action Notice

1

Enclosed." The attached corrective action notice dated June 23, 2017 advises plaintiff she is "being issued a Level I Warning for unscheduled absences."

The "Notice of Right to Sue" filed with plaintiff's complaint is for EEOC Charge No. 440-2017-01306. This charge, which defendant attaches to its brief in support of its motion to dismiss[1], is dated December 22, 2016. It charges discrimination based on race (plaintiff identifies her race as "Black"). The charge asserts plaintiff was denied promotions, that the positions were never posted, whites were hired to fill the vacancies, and subsequently plaintiff was disciplined. The charge also alleges plaintiff was discriminated against because of her disabilities and subjected to retaliation for engaging in protected activity.

Along with her complaint, plaintiff filed an application [3] to proceed in forma pauperis ("IFP"). The court, therefore, conducted a review of the complaint pursuant to 28 U.S. C. § 1915(e). This review showed the complaint was filed more than 90 days after the date plaintiff alleged she received her "Notice of Right to Sue" from the EEOC. Because the record contained a letter [5] from plaintiff filed with the complaint in which she asserted a medical emergency caused her to miss the filing deadline, the court ordered plaintiff to appear for a hearing before Magistrate Judge Johnston to provide evidence as to how her medical condition prevented her from timely filing the complaint. After conducting this hearing [22], Magistrate Judge Johnston entered a report and recommendation [9] finding that equitable tolling was warranted due to plaintiff's medical condition and recommending that the complaint not be dismissed under 28 U.S.C. § 1915(e)(2) for untimeliness. This court accepted [10] the report and recommendation and the case continued in its entirety.[2]

Defendant now moves [26] to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted arguing 1) the complaint is untimely; 2) plaintiff's harassment claim is outside the scope of her administrative charge; 3) the alleged retaliatory act did not constitute an adverse employment action as a matter of law; and 4) her disability claim fails to allege sufficient factual detail to provide defendant with fair notice of the claim.[3]

---

[1] Because the charge is referenced in the complaint (in fact the complaint alleges it is attached though it is not) the court may consider it in ruling on defendant's motion to dismiss. Anderson v. Center for New Horizons, Inc., 891 F. Supp.2d 956, 959 (N.D. Ill. 2012).

[2] The 90-day limitations period applies only to plaintiff's Title VII and ADA claims not to her Section 1981 claims. See Walker v. Abbott Laboratories, 340 F.3d 471, 474 (7th Cir. 2003). Timeliness of the Section 1981 claims is not in issue.

[3] In its reply brief, defendant asks the court to strike the "amended complaint" plaintiff filed as part of her response [29] to defendant's motion to dismiss. To the extent plaintiff intended any portion of her response to be an amendment to her complaint, the court declines to accept it as such. Everything filed by plaintiff in her April 18, 2018 filing [29] will be treated by the court as her response to the motion to dismiss. Anything included in the filing which is not germane to plaintiff's original complaint [1] and the motion to dismiss will be disregarded.

"Complaints need not anticipate defenses and attempt to defeat them. The period of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1)." Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012) (citation omitted). "[B]ecause complaints need not anticipate defenses, Rule 12(b)(6) is not designed for motions under Rule 8(c)(1)." Id. "A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c)." Id. But, it has to be airtight. A dismissal on statute of limitations grounds is only appropriate "if the claim is indisputably time-barred." Rosado v. Gonzalez, 832 F.3d 714, 716 (7th Cir. 2016).

Plaintiff admits receiving her "Notice of Right to Sue" on May 16, 2017 making August 14, 2017 (90 days later) the deadline for filing a complaint. She clearly filed her complaint after this date. However, plaintiff stated her medical condition at the time was the reason she did not file before the statutory deadline. This raised the question whether equitable tolling saves her claims.

A "litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Menominee Indian Tribe of Wisconsin v. United States, __ U.S. __, 136 S.Ct. 750, 755 (2016) (quotation marks and citation omitted). After a hearing on this question in the course of 28 U.S.C. 1915(e) review, Magistrate Judge Johnston concluded both prongs of this test had been met for purposes of that review.

Defendant correctly points out that since it had not been served and was therefore not yet a party at the time of the hearing, the report and recommendation, nor this court's acceptance of the report and recommendation, it is free to dispute the applicability of equitable tolling. It contends plaintiff's complaint and the documents attached to it show her medical condition did not prevent her from timely filing her complaint. Defendant argues the documents show plaintiff "had over three weeks" to file her complaint "before her alleged medical incapacitation arose" but did not do so and that she failed to file for two weeks after her medical leave ended on August 17, 2017. However, the evidence presented at the hearing before Magistrate Judge Johnston is sufficient to raise a question of fact as to whether plaintiff's medical condition prevented her from timely filing her complaint. Her claim is "disputably" not "indisputably" time-barred so dismissal on the pleadings under Rule 12(b)(6) or 12(c) is not appropriate. Rosado, 832 F.3d at 716. A timeliness determination must await a later factual determination.

Where, as here, a pro se plaintiff has prepared her complaint on the form provided by the court, the "form does not require, or indeed permit, extensive factual detail, for it only provides six lines for listing 'the facts supporting plaintiff's claim for discrimination.'" Tate v. SCR Medical Transportation, 809 F.3d 343, 345 (7th Cir. 2015). In Tate, the court continued: "Here is the plaintiff's list (it was handwritten in the original, and was seven lines long, with the seventh line squeezed in below the sixth—and final—line on the form):

I was hired by Defendant on or about August 4, 2014. My most recent position was Driver Trainee. Defendant was aware of my disability. During my employment, I was subjected to sexual harassment. I complained to no avail. On September 5, 2014, I was discharged. I believe I was discriminated against because of my disability, in violation of the Americans with Disabilities Act, my sex, male, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended." Id.

Except as discussed in the next paragraph concerning the ADA claim, the Tate court held this statement by Tate adequately alleged the "other violations that the plaintiff complains of-- sexual harassment, discrimination on the basis of his sex, and retaliation for engaging in protected activity." Id., at 346. The standard the plaintiff must meet in such a case is "undemanding". Id.

Keeping this "undemanding standard" in mind, the court turns to defendant's other arguments. Defendant maintains plaintiff's "disability claim fails to allege sufficient factual detail to provide defendant with fair notice of the claim." In Tate, the court observed that Tate's "only seriously deficient allegation concerns the disability, which is not named or otherwise identified in the complaint." Id., at 345. A plaintiff asserting an ADA claim must allege her specific disability. Id. "The defendant in a disability discrimination suit does not have fair notice when the plaintiff fails to identify his disability." Id., at 346. Plaintiff does not identify her disability in the complaint. While she attaches documents to her complaint concerning medical treatment she received in 2017 related to the ear problem that arose in 2017, her EEOC charge asserting disability discrimination was filed in 2016. The complaint simply does not identify what disability she had that occasioned defendant's alleged discriminatory treatment of her. Thus, her allegations on her ADA claim are insufficient.

Defendant also argues "the alleged retaliatory act did not constitute an adverse employment action as a matter of law." In one part of her complaint, plaintiff sets forth the following: "Retaliation 6/23/17– Corrective Action Notice Enclosed." This is the only spot in her complaint where she specifies a retaliatory action that was taken against her. She attached to her complaint a corrective action notice dated June 23, 2017 which advises plaintiff she is "being issued a Level I Warning for unscheduled absences." The unscheduled absences were said to have occurred on May 15 and 19, 2017 and April 7, 2017. However, also attached to the complaint is a letter from defendant advising plaintiff that this Level I Warning for unscheduled absences was removed from her file "because you did get the absences covered by Family Medical Leave." A rescinded warning, is not an adverse employment action. Kimble v. Donahoe, 511 Fed. Appx. 573, 575 (7th Cir. 2013) ("a rescinded suspension, a suspension reduced to a letter of warning, and a letter of warning – did not substantially change her terms of employment and thus were not 'adverse employment actions' that could support a recovery.") Thus, the rescinded corrective action by itself is not an adverse employment action.

However, plaintiff has not pled herself out of court on her retaliation claim. Besides the Corrective Action Notice allegations, she also, elsewhere in her form complaint, alleges (like the

4

plaintiff in Tate) retaliation for engaging in protected activity. In her handwritten fact section where she lists "retaliation for engaging in protected activity" along with race discrimination she lists "denied promotion." Denial of a promotion can be an adverse employment action. See Paxson v. County of Cook, No. 02 C 2028, 2002 WL 1968561, *4 (N.D. Ill. Aug. 23, 2002). Plaintiff's allegations of retaliation in her form complaint are sufficient.[4]

Defendant contends plaintiff's harassment claim must be dismissed because it was not contained in her EEOC charge. Her charge stated: "During my employment I was denied promotions. The positions were never posted and Whites were hired to fill those vacancies. Subsequently, I was disciplined. I believe that I have been discriminated against because of my race, Black, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights act of 1964, as amended. In addition, I believe that I have been discriminated against because of my disabilities and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended." The charge does not mention harassment.

"Ordinarily, charges of discrimination and harassment are not sufficiently like or reasonably related to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another. An exception arises where the plaintiff's claims are so related and intertwined in time, people, and substance that to ignore that relationship for a strict and technical application of the rule would subvert the purpose of Title VII." McGinnis v. United States Cold Storage, No. 16-cv-8841, 2018 WL 2320930, *3 (N.D. Ill. May 22, 2018) (quotation marks and citations omitted.).

Plaintiff's EEOC charge makes no mention of harassment. The charge addresses only discrimination. Nothing in her complaint suggests the facts of her harassment claim are in anyway related to her discrimination claim. In fact, other than checking the "failed to stop harassment" box in the form complaint, she makes no factual allegations concerning harassment at all. Plaintiff's complaint does not fall outside the general rule that a charge of discrimination will not support a subsequent suit for harassment. Id. Because she did not present her harassment claim in her EEOC charge, she cannot bring a Title VII claim for harassment in this lawsuit. Her Title VII harassment claim must be dismissed.

However, the complaint also claims (via checking the corresponding boxes) that plaintiff was discriminated against based on Race and Color in violation of 42 U.S.C. § 1981. Section 1981 "does not require the filing of an EEOC charge before bringing an action in a federal court." Walker v. Abbott Laboratories, 340 F.3d 471, 474 (7th Cir. 2003). Plaintiff checked the "failed to stop harassment box" on the form complaint but otherwise gives no indication in what way she was harassed. Plaintiff needs to supply some allegations as to how she was harassed.

---

[4] In her brief, plaintiff contends she was denied the opportunity for promotion and raises in the period between the issuance of the Corrective Action Notice and the issuance of the rescission. These claims are not foreclosed by this order. Only the claim that the Corrective Action Notice itself was an adverse employment action is foreclosed.

5

Plaintiffs normally should be given leave to amend after dismissal of an initial complaint. Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago, 786 F.3d 510, 518 (7th Cir. 2015). Accordingly, plaintiff will be given leave to file an amended complaint to correct the above noted deficiencies.

For the foregoing reasons, defendant's motion [26] to dismiss plaintiff's complaint is granted in part and denied in part. The claim for retaliation based on the rescinded June 23, 2017 corrective action is dismissed but otherwise the claims for retaliation survive. The ADA claims and the claims for harassment under Title VII and Section 1981 are dismissed without prejudice. The motion to dismiss is otherwise denied. All other claims remain. Plaintiff is given leave to file an amended complaint on or before November 21, 2018. If she wishes to allege claims under the ADA she must identify her disability. If she wishes to allege an harassment claim under Section 1981, she must allege in what way she was harassed. If she wishes to allege an harassment claim under Title VII, she must allege in what way she was harassed and how those facts are so intertwined with the discrimination claims in her EEOC charge that she was relieved from having to explicitly identify harassment in her EEOC charge.

Date: 10/16/2018                ENTER:

_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)